**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Darryl Williams,

              Petitioner,

v.

Kimberly J. Maki, County Attorney,

              Respondent.

Case No. 26-cv-0183 (ECT/DLM)

**REPORT AND RECOMMENDATION**

---

Petitioner Darryl Williams is currently being prosecuted in state court on charges of unlawful drug distribution, unlawful firearm or ammunition possession, obstructing legal process, and evading police. *See State of Minnesota v. Williams*, No. 69DU-CR-25-3028 (Minn. Dist. Ct.). In his Petition for a Writ of Habeas Corpus, Mr. Williams offers a long list of reasons why the ongoing prosecution is unlawful, and he asks the Court to issue a writ to end the criminal matter. (*See generally* Doc. 1.) Mr. Williams's habeas petition is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court concludes that the petition should be denied without prejudice and this case dismissed.

Although the federal habeas corpus statute, 28 U.S.C. § 2241, does not itself mandate that petitioners first exhaust alternative remedies available in state court before

---

[1] Mr. Williams's habeas petition is not brought under 28 U.S.C. § 2254, as he is not currently in custody pursuant to a state-court judgment. That said, the Rules Governing Section 2254 Cases may be applied to any habeas petition. *See* Rule 1(b).

seeking habeas relief, "federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241." *Olson v. Washington Cnty.*, No. 12-cv-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases). A claim that an ongoing prosecution violates federal law may be presented in the state courts during the course of the criminal proceedings—and, where those claims can be adjudicated in the state courts, petitioners are generally required to seek state-court adjudication before requesting federal habeas relief. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974).

No such "extraordinary circumstances" are present here. *Id.* None of Mr. Williams's habeas claims are of the variety where his interests must be vindicated immediately in federal court if those interests are to be vindicated at all, such as where a defendant is requesting that the state proceed with a speedier trial, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973); or where a defendant believes that the prosecution places him in double jeopardy, *see Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992). Mr. Williams's contention that the state courts are wholly without jurisdiction to proceed in any criminal case that might be brought against him can be raised in the state courts themselves—first before the trial court, and later, if necessary, in the appellate courts. Mr. Williams's other claims be raised in the state courts first, too. That those courts might disagree with Mr. Williams about the persuasiveness of his arguments is not the kind

2

of extraordinary circumstance that would permit him to seek immediate habeas relief in federal court.

Accordingly, it is recommended that Mr. Williams's habeas petition be denied without prejudice. To the extent that Mr. Williams believes that his prosecution violates state law, he may return to federal court, if necessary, at the conclusion of the criminal proceedings (including the conclusion of any appeals taken from the judgment entered in the criminal proceedings).

Two other matters require brief comment. First, Mr. Williams has applied for *in forma pauperis* ("IFP") status. (*See* Docs. 2, 3.) Because it is recommended that the habeas petition be summarily denied, it is further recommended that the IFP application be denied as well. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *accord Evans v. Circuit Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus."). The basis upon which dismissal is recommended in this matter is not fairly debatable, and it is therefore recommended that Mr. Williams not be granted a certificate of appealability.

3

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    The petition for a writ of habeas corpus of petitioner Darryl Williams (Doc. 1) be DENIED WITHOUT PREJUDICE.

2.    This matter be DISMISSED WITHOUT PREJUDICE.

3.    Mr. Williams's application to proceed *in forma pauperis* (Docs. 2, 3) be DENIED.

4.    No certificate of appealability be issued.

Dated: January 20, 2026                    _s/Douglas L. Micko_____
                                           Douglas L. Micko
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

4